In the Matter of the Claim of IVAN FINKLE, Respondent, against CUSHING STONE COMPANY, INC., et al., Appellants, and THE SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 9, 1951.

*Bernard Katzen, General Attorney of The State Insurance Fund (Victor Fiddler and George J. Hayes of counsel), for appellants.*

*Ivan Finkle, claimant-respondent in person.*

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum and Gilbert M. Landy of counsel), for the Workmen's Compensation Board, respondent.*

*John M. Cullen for Special Funds Conservation Committee, respondent.*

Foster, P. J. Appeal by employer and The State Insurance Fund, its carrier, from an award made by the Workmen's Compensation Board to an injured workman.

Claimant's right to an award is not questioned. The sole issue is whether appellants or the Special Fund for Reopened Cases should pay the award.

The following dates are pertinent. Claimant suffered an industrial accident on August 28, 1939. The last payment of compensation prior to the reopening of the claim was made on January 15, 1945. On January 9, 1948, claimant's physician filed a report with the board in support of an application for reopening the claim, and set forth certain physical conditions alleged to have resulted from the accident. A formal application to reopen the claim on a form furnished by the board was not filed by claimant until January 28, 1948.

The board elected to treat the physician's report as an application to reopen the case. Since that report was filed January 9, 1948, although seven years had elapsed since the date of the accident three years had not elapsed since the last payment of compensation. If the board acted within the bounds of its authority the reopened claim did not come within the provisions of subdivision 1 of section 25-a of the Workmen's Compensation Law, and the board properly declined to make an award against the Special Fund.

Appellants contend that the date on which claimant's formal application was filed should control; i.e., January 28, 1948. If they are correct the claim came squarely within the provisions of section 25-a.

Appellants cite this language of the statute: " when an *application* for compensation is made by an employee  *  *  *,

and the employer has secured the payment of compensation * * * *after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation,* * * * testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund * * *. Such an *application* for compensation or death benefits *must be made on a form prescribed by the chairman for that purpose* and must, if a change in condition is claimed, be accompanied by a verified medical or surgical report setting forth facts on which the board may order a hearing.'' (Emphasis supplied.)

It should be noted that this language applies only to a case where there has been a lapse of seven years from the date of injury or death and three years from the date of the last payment of compensation. Then, and then only, must the applicant use a form prescribed by the chairman of the board. Doubtless this part of the statute was enacted deliberately by the Legislature to protect the Special Fund. Its application however must be limited to the facts for which it was especially drawn. If such facts do not exist then no particular form of application to reopen is required.

The Workmen's Compensation Law was framed to avoid technicalities and the requirements of precise pleading. It is to be construed liberally, and hence the board may act on any application which sets forth sufficient facts from which the purposes of the application may be reasonably inferred, unless, of course, some particular form is prescribed by statute (*Matter of Kaplan* v. *Kaplan Knitting Mills,* 248 N. Y. 10; *Matter of Plouff* v. *Port Henry Light, Heat & Power Co.,* 225 App. Div. 704, affd. 250 N. Y. 616). In the present case the board was dealing with a report by a physician which set forth all of the pertinent facts necessary for an application to reopen the claim, and this report was filed within three years after the date on which the last payment of compensation had been made. Hence the board was not bound to require the particular form prescribed by statute and was at liberty to follow the liberal construction heretofore indicated.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Heffernan, Deyo, Bergan and Coon, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board. [See *post,* p. 985.]