In the Matter of the Claim of WILLIAM A. STEARNS, Respondent, against AMERICAN LAUNDRY MACHINERY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 12, 1952.

*Joseph J. Brophy* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which affirmed the decision of a referee, who held that a letter from claimant constituted an application to reopen his case.

Claimant was injured July 31, 1941, and was paid an award of compensation. At a hearing held June 5, 1946, a referee

found that claimant was suffering from a permanent partial disability, but as he was then working for the same employer and with no reduction in wages the case was closed without a monetary award. On October 22, 1947, in reply to its own inquiry, the board received the following letter from claimant:

" October 22, 1947

Dear Mr. POGUE,

In answer to your letter of October 14, 1947. Re: 41705394, I have lost time since the closing of my case but did not report it due to the fact that I did not have medical care.

From time to time my leg bothers me and on those occasions I stay home from work and rest.

Very truly yours,

WILLIAM STEARNS ".

On September 7, 1948, nearly a year later, the board restored the case to a referee's calendar for a hearing. On September 21, 1948, claimant filed a formal application to reopen his claim. At a hearing held on March 1, 1949, the referee held the foregoing letter to be an application to reopen the claim, and discharged the Special Fund for Reopened Cases. The board affirmed this ruling.

It will be noted that claimant's formal application to reopen his claim, made September 21, 1948, was more than seven years after the date of his injury and more than three years after the last payment of compensation. Hence section 25-a of the Workmen's Compensation Law would ordinarily apply, and any award would be made against the Special Fund. That difficulty was resolved by holding that claimant's letter of October 22, 1947, was an application to reopen. This date fell within seven years from the date of injury.

It is true that an application to reopen within the seven-year period need not be made upon any particular form, and it need not be couched in precise language, but it should contain facts from which it may be reasonably inferred that it is an application to reopen (*Matter of Finkle* v. *Cushing Stone Co.*, 278 App. Div. 250). In this case we think no reasonable mind would construe claimant's letter as an application to reopen his claim. There is nothing in it which indicates any desire for relief; not even a statement that he lost any wages. It was merely a reply to the board's query as to his condition. We are confirmed in this view by the fact that the board evidently did not consider it an application to reopen until a year later when it became apparent that the Special Fund might be liable. While

the board's decision as to any factual matter is generally conclusive it must have a rational basis to sustain it, and the lack of such a basis makes its decision arbitrary and erroneous as a matter of law.

The decision should be reversed, with costs, as a matter of law, and the matter remitted to the board for further consideration.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Decision reversed, with costs, as a matter of law, and the matter remitted to the board for further consideration.