In the Matter of the Claim of MORRIS LEONESCU, Respondent, against STAR LIQUOR DEALERS, INC., et al., Appellants, and CENTURY INDEMNITY COMPANY et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 12, 1952.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

*Ely Estroff* for claimant-respondent.

*Robert N. Van Benthuysen* and *Arthur B. Erenstoff* for Star Liquor Dealers, Inc., and Public Service Mutual Insurance Company, appellants.

*William E. Lowther* and *Robert N. Van Benthuysen* for Star Liquor Dealers, Inc., and London Guarantee and Accident Company, Ltd., appellants.

*Joseph Dean Edwards* and *Ralph S. Stowell* for Star Liquor Dealers, Inc., and Century Indemnity Company, respondents.

BERGAN, J. Claimant was employed as a shipping clerk in a wholesale liquor establishment. In the course of his employment while lifting cases of liquor he sustained three back injuries.

The first was on November 2, 1939, when he wrenched his back picking up a case of liquor; the second was November 26, 1941, when he sustained a sacroiliac sprain also while picking up a case of liquor; and the third was March 15, 1946, when, in stacking cases of liquor he bent over and sprained his back.

He was examined by physicians for the first two injuries, but continued to work although he suffered some pain. The last injury disabled him and he underwent two operations.

A different carrier covered the employer at the time of each accident. The last one, the respondent Century Indemnity Company, asked the board to bring into the proceeding the other two carriers on the previous risks, the appellants here, London Guarantee & Accident Company, Ltd. (1939), and Public Service Mutual Insurance Company (1941).

The board found that all three accidents contributed to the disability of 1946. There is a factual dispute about this, but there is ample medical evidence fully adequate to support such a finding. The award was apportioned among the three carriers.

Appellants argue that the board should not have brought them in on the mere application of the carrier covering the last injury; that the claimant is the only party who should be permitted to bring others into the proceeding. But this determination is fully within the discretionary powers of the board. The last carrier was a party in interest upon the question of apportionment based on the previous and related accidents, and we think the discretion was wisely exercised.

At one point in the proceedings the referee who made the determination stated that he was "not familiar with the record", and from this appellants argue that the determination is not based on a due judicial consideration and hence is arbitrary.

The referee had, however, adequate opportunity to become familiar with the record before his determination was made; he must be presumed to have done so; his determination itself suggests a familiarity with the record, and nothing the referee said would in any event import any unfamiliarity with it to the board which reviewed and affirmed his determination.

The decision and award should be affirmed, with costs to the respondent Century Indemnity Company against appellants London Guarantee & Accident Company, Ltd., and Public Service Mutual Insurance Company.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Decision and award affirmed, with costs to the respondent, Century Indemnity Company, against appellants, London Guarantee & Accident Company, Ltd., and Public Service Mutual Insurance Company.