In the Matter of the Claim of DOMENICK MAZZA, Respondent, against FRONTIER BRONZE CORP. et al., Appellants, and SPECIAL DISABILITY FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The last payment of compensation in this claim arising from silicosis was made on April 21, 1949, under the limitations of Workmen's Compensation Law (former art. 4-A). Within three years after that date an amendment to the statute became effective (June 1, 1951) by the addition of paragraph (ee) of subdivision 8 of section 15 (L. 1947, ch. 431, as amd. by L. 1951, ch. 598), which enlarged the benefits available from disability arising from silicosis and charged them against a newly created special fund. Shortly after this statute became effective, application was made on claimant's behalf to reopen, clearly and expressly related to the newly created benefits; and the case was reopened by the board October 26, 1951. The Special Funds Conservation Committee was advised of this action and asked if it would accept liability under paragraph (ee) of subdivision 8 or controvert it. A reply was received by the board from the committee that it would not controvert and compensation was paid in accordance with the statute by the Special Fund. A letter received by the board from the claimant's wife on January 21, 1952 — a period still within three years after April 21,

1949 — stated that she was writing to the board " Concerning " her husband's " second injury fund case sec. 15/8 EE " and stated he had received certain compensation payments and that he had been in the hospital. She asked whether " the Compensation " would pay the balance of the hospital bill. The board has treated this as an application to reopen the original claim against the State Fund as carrier, whose liability for medical payments, if properly reopened, had not been fully exhausted under the old statute. (Former § 68.) The reopening of the case to consider the benefits payable by the Special Fund under the new statute did not constitute a reopening for the purpose of enlarging the original carrier's liability; and an application to reopen the claim generally, although it might be informal (*Matter of Finkle* v. *Cushing Stone Co.,* 278 App. Div. 250), must contain " facts " from which " it may be reasonably inferred that it is an application to reopen " (*Matter of Stearns* v. *American Laundry Mach. Co.,* 279 App. Div. 481, 482). We do not consider that the letter on January 21, 1952, or the other letters from claimant's wife within the three-year period after last payment of compensation may reasonably be treated as an application to reopen the case generally within the three-year period to enlarge the liability of the original carrier, and if there are additional medical payments due under the original claim they should be paid by the Special Fund under section 25-a. Award reversed and claim remitted to the Workmen's Compensation Board for its further consideration, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ., concur.