In the Matter of the Claim of GUY NORTON, Respondent, against NEW YORK STATE DEPARTMENT OF PUBLIC WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 6, 1955.

*George J. Hayes, Bernard Katzen, William H. Stieglitz* and *Victor Fiddler* for appellants.

*Jacob K. Javits, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. The right of claimant to an award of disability compensation in his reopened case is not disputed on this appeal. The sole issue is whether the award should be paid by appellants, the employer and State Insurance Fund as insurance carrier, or by the Special Fund for Reopened Cases. Subdivision 1 of section 25-a of the Workmen's Compensation Law provides, in part, that " when an application for compensation is made by an employee * * * and the employer has secured the payment of compensation * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * testimony may be taken * * * and if an award is made it shall be against the special fund provided by this section ".

Certain dates are pertinent. Claimant sustained an industrial accident in 1938 for which he was awarded a percentage loss of his left leg plus protracted temporary total disability for a total of 540 weeks. On January 18, 1949, the case was closed and the last payment of compensation was made on February 2, 1949. On December 12, 1951, prior to the expiration of three years from the date of the last payment of compensation, there was filed with the Workmen's Compensation Board a form C-4 medical report, signed by claimant's physician, stating that he was treating claimant for chronic osteomyelitis of the left leg which was causally related to the 1938 accident. The board restored the case to the calendar on November 13, 1952. Claimant filed a formal application (form C-25) for reopening his claim on December 17, 1952.

After a hearing, an additional award of disability compensation was granted to claimant by the referee who assessed the award against the Special Fund upon the ground that no application to reopen had been filed within three years from the date of the last payment of compensation. The board, upon review, found that an application to reopen the case had been made within the three-year period and modified the referee's decision to the extent of discharging the Special Fund from liability.

Upon this appeal, the board argues that the form C-4 medical report constituted an application on behalf of the claimant to reopen his case. It is true that no particular form of application is prescribed unless more than seven years have elapsed after the accident and also three years have elapsed after the last payment of compensation. (*Matter of Finkle* v. *Cushing Stone Co.*, 278 App. Div. 250.) But an instrument to constitute an application to reopen " should contain facts from which it may be reasonably inferred that it is an application to reopen " (*Matter of Stearns* v. *American Laundry Mach. Co.*, 279 App. Div. 481, 482). And in no event should an instrument be deemed an application to reopen unless it is submitted with an intent to have the case reopened.

In *Matter of Finkle* v. *Cushing Stone Co.* (*supra*), relied upon by the board, the intention of applying for a reopening was evident. There the physician wrote the insurance carrier a letter in which he asked if it would be permissible to reopen the compensation case and inquired what forms should be filed. It was thus apparent that there was an intention to apply for reopening and the C-4 medical report filed subsequently by the physician was properly treated as an application for reopening.

In the present case, the medical report contains no facts from which an inference may reasonably be drawn that claimant desired his case reopened and it was not filed for such purpose. The physician who filed it testified that claimant did not request him to file it, that he did so as a matter of routine and that he was unaware that the case had been closed. Under such circumstances, there is no rational basis for the finding of the board that the medical report constituted an application to reopen the case generally. (Cf. *Matter of Mazza* v. *Frontier Bronze Corp.,* 285 App. Div. 1194.)

The decision should be reversed as a matter of law, with costs to the appellants against the Workmen's Compensation Board, and the case remitted to the Workmen's Compensation Board for further consideration.

Foster, P. J. (dissenting). I dissent and vote to affirm. The attending physician's C-4 report, filed within the statutory period, indicated clearly that claimant was still suffering from a causally related chronic osteomyelitis. It put the board on notice that the carrier's liability might be extended, and hence the board was justified in treating it as an application to reopen even though no formal request was actually made. No particular form is necessary in cases of this character unless more than seven years have elapsed after the accident and more than three years after the last payment of compensation (*Matter of Finkle* v. *Cushing Stone Co.,* 278 App. Div. 250). It is a matter of common knowledge that injured workmen frequently rely upon reports from their physicians to apprise the board of their condition.

Bergan, Coon and Halpern, JJ., concur with Zeller, J.; Foster, P. J., dissents, in a memorandum.

Decision reversed on the law, with costs to the appellants against the Workmen's Compensation Board, and the case remitted to the Workmen's Compensation Board for further consideration.