■ In the Matter of the Claim of FRANCIS COSTELLO, Respondent, v. INDUSTRIAL CONTAINER CORP. et al., Appellants, and ATLANTIC & PACIFIC TEA COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Claimant sustained back injuries in an accident of April 20, 1954 and had an award against appellants employer and carrier. The case was closed in 1955. He reinjured his back in an accident of January 18, 1960 and had an award against respondents employer and carrier. On May 2, 1960, respondent carrier requested that the prior case be placed on the calendar "in conjunction with" the 1960 case and later it did appear thereon as a closed reference case. On April 14, 1961, which was within seven years of the first injury (Workmen's Compensation Law, § 25-a), the board received a signed copy of an examining physician's letter of April 11, 1961, addressed to respondent carrier, in which the doctor reviewed the histories of the 1954 and 1960 accidents and injuries and concluded "that there is a distinct relationship of the injury in 1954 with his present condition, and that the initial injury in 1954 distinctly plays a good part of his present complaints." By order of May 16, 1961 the case was reopened and restored to the calendar. In its subsequent decision, from which this appeal is taken, the board held that the application for reopening was made April 14, 1961 in the form of the physician's report and thus within seven years from the date of injury, with the result that the claim was not chargeable to respondent Special Fund for Reopened Cases under section 25-a; and the board affirmed the Referee's decision finding disability due to both accidents equally and allocating the carriers' liability accordingly. The board's decision was correct under *Matter of Norton* v. *New York State Dept. of Public Works* (1 N Y 2d 844, revg. 286 App. Div. 476) and *Matter of Wilson* v. *Pittsburgh Plate Glass Co.* (15 A D 2d 847). As was said of the medical report in *Norton*, in the dissenting opinion of Presiding Justice FOSTER in the Appellate Division (this dissent becoming the prevailing view in the Court of Appeals): "It put the board on notice that the carrier's liability might be extended, and hence the board was justified in treating it as an application to reopen *even though no formal request was actually made*" (286 App. Div. 476, 479; emphasis

942

supplied); as to which the Court of Appeals held: "The Workmen's Compensation Board, whenever satisfied that a change of condition has occurred, may, on its own motion, subject to the limitations of sections 25-a and 123, review any award, decision or order and on such review may make an award ending, diminishing or increasing the compensation previously awarded (§ 22). The attending physician's report, form C-4, filed before the expiration of three years from the date of the last payment of compensation (§ 25-a), was sufficient to put the board on notice that there had been a change in claimant's condition and that the carrier's liability had not been concluded. *Accordingly,* the board was justified in treating such report as an application to reopen the claim and restore it to the referee's calendar." (1 N Y 2d 844, 845; emphasis supplied.) Appellants' contention before the board that respondent carrier had no standing to apply for reopening was not urged here but seems without merit in any event. (See *Matter of Leonescu* v. *Star Liq. Dealers,* 279 App. Div. 492, mot. for lv. to app. den. 304 N. Y. 988.) Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.