■ In the Matter of the Claim of Rocco MAZZIOTTO, Appellant, v JOHN ARBORIO et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workmen's Compensation Board, filed January 30, 1976, which disallowed a claim for compensation under the Workmen's Compensation Law. This case was before this court on a prior occasion upon appeal from a board decision finding claimant to have a permanent partial disability resulting from three separate accidents and which also determined that he had not voluntarily removed himself from the labor market. As a result of the board's action, claimant ultimately received an award for reduced earnings by a referee's decision apportioning payments one third for each accident and directing payment for the period from November 1, 1966 to the date of his hearing on May 13, 1971. We reversed the decision of the board in an opinion filed with it on February 9, 1973 *(Matter of Mazziotto v Brookfield Constr. Co.,* 40 AD2d 245). While the appeal was pending before this court, claimant received two thirds of his award for reduced earnings and reimbursement for at least a portion of

those payments has been made pursuant to the provisions of section 23 of the Workmen's Compensation Law. However, the State Insurance Fund never paid its one-third share after May 13, 1971, contending that the referee's decision following the hearing on that date had not directed such payments to continue. Thereafter, upon claimant's application, another referee's decision provided for payment by the State Insurance Fund of its one-third share from May 13, 1971 to February 9, 1973 and the fund appealed to the board which has now modified that decision and rescinded the award of compensation subsequent to May 13, 1971. The claimant appeals contending that the decision of May 13, 1971, in failing to direct the continuation of payments, was a mistake and contrary to the actual decision of the referee at the close of that hearing. He further argues that the State Insurance Fund's refusal to make payment is contrary to the mandate of section 23 of the Workmen's Compensation Law providing that an appeal to the Appellate Division shall not stay the payment of compensation required by the terms of the award. A strict and precise reading of section 23 would seem to support the position taken by the State Insurance Fund. However, the board itself apparently recognized the carrier's responsibility to pay pending appeal in one of its interim decisions dated June 22, 1972 continuing payments. Moreover, the State Insurance Fund should not be excused from the payment of its proportionate share of the award and the statutory penalty to the claimant during the disputed period since the Workmen's Compensation Law should be liberally construed to avoid technicalities and precise requirements (Matter of Finkle v Cushing Stone Co., 278 App Div 250). Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.