■ In the Matter of the Claim of JOHN DONOVAN, Respondent, v KNICKERBOCKER WAREHOUSING CORP., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—By decision dated February 26, 1979, the respondent Workers' Compensation Board determined that claimant's work effort resulted in the myocardial infarction which he suffered on August 16, 1977. The prior decision of the referee denying the claim was therefore reversed and the case was restored to the trial calendar for appropriate award. On March 22, 1979 appellant filed a notice of appeal to this court from the board's determination. Thereafter, on April 18, 1979, a referee's decision was rendered making an award to claimant. Appellant has appealed this latter decision to the board and the instant motion papers indicate that this appeal has not yet been decided. The board now moves to dismiss appellant's appeal to this court for failure of prosecution. Appellant opposes the motion on the grounds that (1) the prosecution of the appeal would be premature since the board's decision made no award and therefore was nonfinal, and (2) the appeal from the award is still pending before the board. Motion denied, without costs. Although we have held that an interlocutory decision of the board which determines all substantive issues will be considered "final" for appeal purposes (Matter of Rice v Kavanagh Trucking, 69 AD2d 1027), this does not mean that the appeal from such a decision must be prosecuted before the board's final determination (i.e., affirming the award) is rendered. An appeal from such an interlocutory decision may be prosecuted forthwith by the appellant or, at the appellant's option, the decision may be reviewed upon an appeal from the board's final determination (see, e.g., Matter of Williams v 21st Century Rest. [App Div, Third Dept, Aug. 15, 1977]). We would also emphasize that nothing in this decision or in Matter of Rice v Kavanagh Trucking (supra), should be construed as permitting an appeal from a nonfinal board decision which neither decides all substantive issues nor involves threshold legal issues (see, e.g., Matter of McDowell v La Voy, 59 AD2d 995; Matter of Harris v Carborundum Co., 72 AD2d 869). Mahoney, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.