■ In the Matter of the Claim of ADAM REGENBOGEN, Respondent, v NEW YORK STATE WILLARD PSYCHIATRIC CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [679 NYS2d 430] —Mikoll, J. P. Appeals (1) from an amended decision of the Workers' Compensation Board, filed June 18, 1997, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits, and (2) from a decision of the Board, filed November 13, 1997, which denied the employer's request for full Board review.

This appeal requires us to determine the effect of the recent amendment to Workers' Compensation Law § 20 (2) (a) upon the status of the compensation claim filed herein.

Claimant was employed as Deputy Director for Quality As-

surance at Willard Psychiatric Center (hereinafter Willard) from August 1987 to June 26, 1991, when his position was eliminated due to reductions in funding. He began new employment 12 days later at a Veterans Administration Medical Center. In November 1992, claimant began working for the Workers' Compensation Board as a conciliation attorney.

Shortly after assuming his position with the Board, claimant filed for workers' compensation benefits against Willard, alleging that he had suffered an accidental mental injury (anxiety and depression) in January 1991 while preparing for and participating in Willard's annual accreditation survey. Willard and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, arguing that claimant did not sustain a compensable accident and, alternatively, that the claim was barred pursuant to the provisions of Workers' Compensation Law § 2 (7). Hearings ensued and, on February 28, 1996, a three-member Board panel issued a decision finding a compensable accident and establishing the claim for anxiety and depression. On March 18, 1996, the carrier requested reconsideration and/or full Board review including, but not limited to, the issue of whether the claim was barred by Workers' Compensation Law § 2 (7), an issue not addressed in the Board's February 28, 1996 decision. In a three-page letter memorandum, claimant's attorney set forth his opposition to this request and the basis therefor.

By decision dated June 18, 1997, the Board amended its February 28, 1996 decision to add certain findings* and to address the carrier's argument that the claim was barred by Workers' Compensation Law § 2 (7). Correspondence in the record from the Board to counsel for the carrier, in response to the latter's request for reconsideration of the June 18, 1997 decision, recites that "[t]he members of the Board Panel * * * fully considered the matter at the time it rendered the Memorandum of Decision filed June 18, 1997 and that full Board review is not warranted".

Workers' Compensation Law § 20 (2) (a) was amended, effective March 10, 1997, to provide that any claim for compensation made by certain employees of the Board, including conciliators, "shall not be within the jurisdiction of the workers' compensation board but instead shall be determined by a neutral outside arbitration process". By its express terms, the

---

* For example, the June 18, 1997 decision recites that "[claimant] was unable to continue working past January 10, 1991 because of the resulting anxiety". This finding does not appear in the decision of February 28, 1996 and, indeed, is inconsistent with the evidence.

amendment applied "to all claims pending on or after" its effective date (Workers' Compensation Law § 20 [2] [a]). The carrier contends that since the instant claim was "pending" as of March 10, 1997, the Board lacked jurisdiction thereafter to take any action with respect to the claim and that its June 18, 1997 decision is a nullity. We agree.

We reject the argument advanced by claimant and the Board that although the claim was "technically" pending as of March 10, 1997, its substantive issues had been decided by the Board in its February 28, 1996 decision and that the June 18, 1997 amended decision did not constitute a "new" decision. In this regard, we attach no significance to the fact that the carrier filed a notice of appeal with respect to the Board's February 28, 1996 decision. While "an interlocutory decision of the board which determines all substantive issues will be considered 'final' for appeal purposes", an appeal therefrom may be prosecuted immediately or, "at the appellant's option, the decision may be reviewed upon an appeal from the board's final determination" (*Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870). There can be no dispute that until the Board's final determination, rendered June 18, 1997, the claim was "pending". Moreover, although the final determination did not alter the substantive findings of the earlier decision, it contained amplified findings and added a ruling on the carrier's Workers' Compensation Law § 2 (7) defense.

We have previously noted that even in the absence of express statutory language, amendments relating to procedural matters are presumed to have retroactive effect (*see generally, Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, *affd* 91 NY2d 577). Here, the Legislature clearly evinced its intent to provide for retroactivity by explicitly providing that the section applied to claims "pending" on its effective date. This explicit provision "constitutes evidence that the Legislature has affirmatively assessed the potential for unfairness created by retroactivity and concluded that it is an acceptable price to pay for the anticipated benefits" (*Morales v Gross*, 230 AD2d 7, 10).

We conclude, therefore, that the Board lacked jurisdiction to render its final determination on June 18, 1997 and that the matter must be remitted for arbitration in accordance with the procedures set forth in Workers' Compensation Law § 20 (2) (a). This conclusion requires us to next consider the scope of the remittal. Claimant and the Board urge that in the event remittal to an arbitrator is deemed appropriate, it should be restricted to those issues unresolved as of the effective date of

the amendment, with the February 20, 1996 decision left intact. Beyond its explicit statement that the amendment applies to all "pending claims", the Legislature has offered no specific guidance on this point, leaving us to resolve the question with resort to basic canons of statutory construction. "[T]he reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal" (*Matter of Duell v Condon*, 84 NY2d 773, 783; *see, Majewski v Broadalbin-Perth Cent. School Dist., supra*). Insofar as the purpose of the amendment was to remove the "appearance of partiality" from decisions involving the claims of high-level Board employees (*see*, Governor's Mem, 1996 NY Legis Ann, at 459), we see no reason to limit the scope of the remittal to those issues unresolved as of March 10, 1997, and we therefore hold that the remittal ordered herein shall extend to all aspects of the claim.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the amended decision and decision are reversed, and matter remitted for arbitration pursuant to Workers' Compensation Law § 20 (2) (a).