■ In the Matter of the Claim of KATRINA HISER, Appellant, v RICHMOR AVIATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 145]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2007, which ruled that claimant's application for review was untimely.

The principal issue before us is whether the Workers' Compensation Board properly determined that claimant's application for review of a decision of a Workers' Compensation Law Judge (hereinafter WCLJ) was untimely. Claimant's spouse died during the course of his employment when the aircraft he was piloting crashed in November 2002. The aircraft was owned by Abrams Aviation, LLC and managed by claimant's employer. Claimant, a mother of four children, applied for and was awarded workers' compensation benefits of $400 per week. The employer had an insurance policy in effect which, among other things, provided claimant with a payment, without regard to liability, of a voluntary settlement in the amount of $500,000, so long as releases were executed to the employer and Abrams Aviation. The workers' compensation carrier contended that this constituted a settlement for which it was entitled to a lien and offset pursuant to Workers' Compensation Law § 29. Claimant asserted that the carrier had no lien and offset because the payment was an accidental death benefit paid on the employer's behalf by its insurance company (see Workers' Compensation Law § 30).

Various proceedings ensued and, eventually, in April 2005 a WCLJ held that a portion of the policy was subject to a lien and offset by the carrier, and continued the case for the purpose of determining that portion. Testimony was taken in August 2005 and, on December 23, 2005, a WCLJ determined that $250,000 of the $500,000 was subject to the carrier's lien and offset.

Claimant filed an appeal with the Board on January 20, 2006, arguing that no part of the payment should be subject to the lien and offset. In February 2007, the Board rendered its decision finding that claimant's failure to appeal from the April 2005 decision of the WCLJ rendered the current appeal untimely and, upon such ground, affirmed the December 2005 decision. Claimant appeals.

It is a "fundamental principle that the Workers' Compensation Law is to be liberally construed to accomplish the economic and humanitarian objects of the act" (*Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939, 941 [1983]; *see Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 134 [1994]; *Surace v Danna*, 248 NY 18, 20-21 [1928]). Consistent with this liberal construction, procedural technicalities are generally relaxed for claimants (*see Matter of Mazziotto v Arborio*, 59 AD2d 966, 967 [1977]; *Matter of Finkle v Cushing Stone Co., Inc.*, 278 App Div 250, 252 [1951]). "The underlying reasons supporting the relaxation of strict and technical procedural requirements apply with equal force to appeals at the administrative levels" (7 Larson's Workers' Compensation Law § 124.08 [1]). We previously expanded a Board policy of only considering cases after a final award had been made (*see* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23, at 365-366) to permit review of an interlocutory decision determining a threshold legal issue or all substantive issues (*see Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870 [1979]; *Matter of Rice v Kavanagh Trucking Co.*, 69 AD2d 1027 [1978]). However, the fact that interlocutory review can be sought of a threshold legal issue does not, as the Board held in this case, mandate a claimant to seek review at such time or risk the issue being foreclosed as untimely. Indeed, we have held that, in an appropriate situation, "[a]n appeal from such an interlocutory decision may be prosecuted forthwith by [claimant] or, at [claimant's] option, the decision may be reviewed upon an appeal from the [B]oard's final determination" (*Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d at 870).

The current claim involved whether a policy providing for a voluntary settlement payment was subject to a lien and offset under Workers' Compensation Law § 29 and, if so, to what extent. The WCLJ found in April 2005 that a portion of the payment would be subject to a lien and offset, but continued the case for further evidence to determine the portion subject to a lien and offset. Arguably, such further evidence could have resulted in a finding that a very small percentage was subject to

a lien and offset, which would have left claimant with little reason to seek review. However, since the WCLJ determined in December 2005 that half the payment was subject to a lien and offset, claimant sought review from the Board and she filed her appeal within 30 days of the WCLJ's December 2005 determination. Under such circumstances, we find that her application for Board review of the underlying issue regarding the applicability of a lien and offset to this policy's payment was timely. Accordingly, the matter must be remitted to the Board for consideration of the merits.

Mercure, J.P., Spain, Kane and Malone Jr., JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.