■ In the Matter of the Claim of MARCELINA CAMPOS, Appellant, v RICHMOND HOME NEED SERVICES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 286]—

Rose, J. Appeal from a decision of the Workers' Compensation

---

Board, filed June 6, 2008, which ruled that claimant's application for review of an administrative decision was untimely.

Claimant sustained a work-related injury in March 2003 and her claim for neck and back injuries, as well as consequential depression, was thereafter established. In December 2007, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that medical testimony was necessary to determine whether claimant remained psychiatrically causally disabled. Consequently, the WCLJ scheduled claimant's treating psychiatrist, Vyas Persuad, to testify on January 29, 2008 and an independent medical examiner to testify on behalf of the employer and its workers' compensation carrier on February 5, 2008. In a decision filed on February 1, 2008, however, the WCLJ determined that Persuad was not authorized to render medical care under Workers' Compensation Law § 13-a (1), precluded his testimony and reports and continued the case until February 5, 2008.

At a hearing on that date, claimant's counsel argued that Persuad had been improperly precluded from presenting evidence and the independent medical examiner testified. In a decision filed on February 8, 2008, the WCLJ determined that Persuad "remain[ed] precluded" and found that claimant suffered a further psychiatric causally related disability, but made no monetary award. Claimant's subsequent application for review, received by the Workers' Compensation Board on March 7, 2008, sought reversal of the WCLJ's decision to preclude Persuad's testimony and reports and referenced February 8, 2008 as the filing date of the decision to be reviewed. The Board panel denied review, concluding that claimant's application was four days late (*see* Workers' Compensation Law § 23; 12 NYCRR 300.13 [a], [e] [1] [i]) because she should have appealed from the WCLJ's February 1, 2008 decision as opposed to the February 8, 2008 decision. Claimant appeals.

We reverse. "[T]he fact that interlocutory review can be sought of a threshold legal issue does not, as the Board held in this case, mandate a claimant to seek review at such time or risk the issue being foreclosed as untimely" (*Matter of Hiser v Richmor Aviation, Inc.*, 52 AD3d 915, 916 [2008]). Where a decision resolves an issue that is not determinative of the worker's claim, it "is more appropriately reviewed upon an appeal from the Board's final determination" (*Matter of Ogbuagu v Ngbadi*, 61 AD3d 1198, 1199 [2009]). Here, the substantive issue to be resolved by the WCLJ was whether claimant suffered a further causally related disability with respect to her established consequential depression and, indeed, the WCLJ so found in his

second decision. Moreover, while doing so—after the February 1, 2008 decision was filed—the WCLJ expressly revisited the question of Persuad's preclusion. Under such circumstances, we find that claimant appropriately appealed from the WCLJ's February 8, 2008 decision (*see generally Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870, 870 [1979]). Accordingly, the matter must be remitted to the Board for its consideration of whether Persuad's testimony and reports were properly excluded (*see Matter of Van Dam v New Paltz Cent. School Dist.*, 46 AD3d 1194, 1195 [2007]).

Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.