*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    520042
_____

In the Matter of SCOTT EMPARA,
                    Appellant,

     v

NEW ROCHELLE SCHOOL DISTRICT            MEMORANDUM AND ORDER
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Annette G. Hasapidis, South Salem, for appellant.

        Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of
counsel), for New Rochelle School District and another,
respondents.

                    _____


Egan Jr., J.

        Appeals (1) from a decision of a panel of the Workers'
Compensation Board, filed August 21, 2013, which ruled that
claimant was not entitled to an increase in the schedule loss of
use, and (2) from a decision of the full Board, filed October 30,
2014, which adhered to the Board panel's decision.

        Claimant, an electrician, sustained a compensable work-
related injury in 2003 and, based upon the medical evidence
presented, the parties stipulated to a 37.5% schedule loss of use
of claimant's left leg.  Claimant sustained another injury in

2009 that resulted in arthroscopic surgery on his left knee and, based upon the opinion of his orthopedic surgeon that claimant had reached maximum medical improvement and suffered a permanent impairment of 40% to his left leg, claimant sought additional workers' compensation benefits. By decision dated November 27, 2012, a Workers' Compensation Judge (hereinafter WCLJ) determined, without explanation or any indication as to whether the prior schedule loss of use was considered, that claimant sustained a 20% loss of use of his left leg that was causally related to the 2009 accident. The matter was continued for, among other things, consideration of an award of compensation. By decision dated January 22, 2013, the WCLJ awarded benefits based upon the 20% loss of use of claimant's left leg; the employer objected to the award in that it did not consider the previous 37.5% schedule loss of use in connection with the 2003 accident.

Thereafter, the employer appealed the January 22, 2013 WCLJ decision, challenging the schedule loss of use award. Claimant opposed, claiming that the appeal was untimely given that the November 27, 2012 decision — not the January 22, 2013 decision — was final with regard to the issue of claimant's schedule loss of use for the 2009 accident. Ultimately, the Workers' Compensation Board, upon full Board review, rejected claimant's challenge to the timeliness of the appeal and reversed the WCLJ's decision, finding that claimant was not entitled to any award for the 2009 injury inasmuch as there was no increased schedule loss of use of the left leg greater than that previously awarded in 2003. These appeals by claimant ensued.[1]

We are unpersuaded by claimant's contention that the Board erred in finding the employer's appeal to be timely. Although the WCLJ's November 27, 2012 decision found that claimant had sustained a schedule loss of use in connection with the 2009 injury, the WCLJ did so without explanation or any indication as

---

[1] The Board panel's August 21, 2013 decision was superceded by the decision of the full Board, and claimant's appeal from the Board panel decision must be dismissed (see Matter of Winters v Advanced Auto Parts, 119 AD3d 1041, 1043 n [2014]).

to whether the prior award of 37.5% schedule loss of use was to be considered in calculating a compensation award.  As noted by the Board, it was unclear from the November 27, 2012 decision whether any award would be made to claimant in light of the issue of the prior schedule loss of use award.  Under the particular circumstances of this case, and given the ambiguity in the WCLJ's November 27, 2012 decision regarding the applicability of the prior schedule loss of use and whether apportionment would be applied to the ultimate award in connection with the current claim, we cannot say that the Board's decision to grant the employer's application for review was arbitrary and capricious or an abuse of discretion (see generally Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d 1510, 1511 [2012]; Matter of Hiser v Richmor Aviation, Inc., 52 AD3d 915, 916 [2008]).

Turning to the merits, "[w]hether a condition warrants a schedule loss award or an award of continuing disability benefits is a question of fact for resolution by the Board, and its determination will be upheld if supported by substantial evidence" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 [2014] [internal quotation marks and citations omitted]).  As noted by the Board, a schedule award is not given for an injury, but for the residual physical and functional impairments (see State of New York Workers' Compensation Board Medical Guidelines, at 4 [June 1996]).  Here, the independent medical examiner testified that, although the guidelines provide for a 10% schedule loss of use, his examination of claimant revealed no atrophy, no instability and no loss of motion. "[W]hile the guidelines present useful criteria, the ultimate determination as to the degree of disability rests with the Board" (Matter of Carlucci v Omnibus Print. Co., Inc., 68 AD3d 1259, 1260 [2009]).  Given the foregoing medical testimony, substantial evidence supports the Board's finding that there was no new and greater increase in the schedule loss of use of the left leg related to the 2009 accident.  Claimant's remaining contentions, to the extent not specifically discussed herein, have been reviewed and found to be without merit.

McCarthy, J.P., Lynch and Devine, JJ., concur.

ORDERED that the appeal from the August 21, 2013 decision is dismissed, without costs.

ORDERED that the October 30, 2014 decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court