■ In the Matter of the Claim of EUGENE EVERETT, Respondent, v SODEXO, INC., et al., Appellants. WORKERS COMPENSATION BOARD, Respondent. [57 NYS3d 913]—

Egan Jr., J.P. Appeal from a decision of a panel of the Workers' Compensation Board, filed April 13, 2016, which ruled, among other things, that claimant sustained a causally-related injury and awarded workers' compensation benefits.

In April 2014, claimant, a dishwasher, was injured when a large pot fell on his left foot. One of his toes later became infected, and the infection, which initially led to the amputation of the toe, ultimately resulted in the amputation of one half of claimant's left foot. Claimant applied for workers' compensation benefits, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) opposed, asserting that claimant's injury was not

work-related but, rather, was the result of his diabetes, and that claimant made misrepresentations in order to be awarded benefits in violation of Workers' Compensation Law § 114-a. Following hearings, a Workers' Compensation Law Judge found that claimant's injury was causally related to his employment and that claimant had not violated Workers' Compensation Law § 114-a. A panel of the Workers' Compensation Board affirmed in a 2 to 1 majority decision filed on April 13, 2016. Subsequently, in a decision filed February 27, 2017, the full Board affirmed the Workers' Compensation Law Judge's determination. The employer only appeals from the Board panel's April 2016 decision. Inasmuch as the right to appeal from the Board panel's decision terminated upon the superceding decision of the full Board, the employer's appeal must be dismissed (*see Matter of Empara v New Rochelle Sch. Dist.*, 130 AD3d 1127, 1129 n [2015], *lv denied* 26 NY3d 911 [2015]; *Matter of Launer v Euro Brokers*, 115 AD3d 1130, 1130 n [2014], *lv denied* 23 NY3d 906 [2014]).

Lynch, Devine, Clark and Aarons, JJ., concur. Ordered that the appeal is dismissed, without costs.