Matter of Bell v Glens Falls Ready Mix Co., Inc. (2019 NY Slip Op 00948)





Matter of Bell v Glens Falls Ready Mix Co., Inc.


2019 NY Slip Op 00948


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

527101

[*1]WALTER BELL, Appellant,
v
GLENS FALLS READY MIX CO., INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Segar & Sciortino PLLC, Rochester (Stephen A. Segar of counsel), for appellant.
William O'Brien, State Insurance Fund, Rochester (Rudolph M. Klash of counsel), for Glens Falls Ready Mix Co., Inc. and another, respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed January 10, 2018, which ruled, among other things, that claimant had a 60% schedule loss of use of his right arm.
Claimant, a diesel mechanic/driver, sustained serious work-related injuries from a radiator fan blade while performing maintenance on a running truck engine and required emergency medical attention and surgery. He subsequently filed an uncontroverted claim for, and received, workers' compensation benefits, and his claim was established for a work-related injury to his right arm and right shoulder. In December 2015, claimant underwent a glenohumeral debridement — which included claimant's anterior and posterior labrum and hyperemic reactive synovium — as well as a subacromial decompression, bursectomy, acromioplasty and a distal clavicle excision. He was thereafter evaluated by several physicians to determine the permanency of his injury. Warren Hammert, claimant's orthopedic surgeon, issued a report finding that claimant sustained a 30% schedule loss of use (hereinafter SLU) of his right arm. Gregory Chiaramonte, the orthopedist who conducted an independent medical examination of claimant, issued a report also finding that claimant sustained a 30% SLU of his right arm based upon the surgeries and residual defects. However, Michael Maloney, claimant's treating physician who performed the December 2015 surgery, found in his February 2017 report that claimant had sustained a 50% SLU of his right shoulder due to, among other things, the rotator cuff debridement and diminished range of motion. Following issuance of these reports, the parties submitted memoranda of law on the issue of permanency, and a Workers' Compensation Law Judge (hereinafter WCLJ) found, in an October 2017 decision, that claimant sustained an 80% SLU of the right arm based upon the sum total of a 30% SLU of the forearm/elbow and a [*2]50% SLU of the right shoulder. Upon administrative review, the Workers' Compensation Board found that the WCLJ had misapplied the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2012) (hereinafter the guidelines). Crediting the opinion of Maloney, the Board determined that, under the guidelines, claimant sustained a 50% SLU of the right shoulder in addition to a 10% SLU for defects in the forearm/elbow based upon special consideration 10 of section 2.5 of the guidelines. Claimant appeals.
Claimant contends that he is entitled, as the WCLJ found, to an 80% SLU award for his right arm — based upon a 50% SLU of his right shoulder and 30% SLU of his right elbow — and that the Board misapplied its guidelines in finding a 60% SLU of his right arm. We disagree. Where a claimant has sustained a permanent partial disability, an SLU award may be given for "the residual permanent physical and functional impairments to statutorily-enumerated body members" (Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018] [internal quotation marks and citation omitted]; see Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]), including, as relevant here, the arm (see Workers' Compensation Law § 15 [3] [a]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 2.5, at 23-24 [2012])[FN1]. "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve" (Matter of Maunder v B & B Lbr. Co., 166 AD3d at 1261 [citations omitted]; see Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 [2015], lv denied 26 NY3d 911 [2015]). The Board's determination will not be disturbed as long as it is supported by substantial evidence (see Matter of Wohlfeil v Sharel Ventures, LLC, 32 NY3d 981, 982 [2018]; Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]; Matter of Maloney v Wende Corr. Facility, 157 AD3d 1155, 1156 [2018]).
"[S]ection 2.5 of the New York State Guidelines for determining Permanent Impairment and Loss of Wage Earning Capacity (2012) sets forth the parameters for medical experts to follow in formulating an SLU award for a[n arm based upon a] shoulder injury" (Matter of Maloney v Wende Corr. Facility, 157 AD3d at 1156; see Workers' Compensation Law § 15 [3] [x]). Special consideration 10, which accompanies section 2.5 of the guidelines, provides that, in establishing an SLU of the arm, "[t]he schedule is focused on the highest valued part of the extremity. In case of a high schedule for one part of the extremity[,] calculate first for the major loss in part involved. For example, amputation at the wrist equals 100% loss of use of the hand or equals 80% loss of use of the arm. If there are additional defects of the elbow and/or shoulder[,] add 10% to the 80% loss of use of the arm and the final schedule would be 90% loss of use of the arm" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 2.5, at 24 [2012]).
In this case, the Board credited the opinion of Maloney, as it was entitled to do (see Matter of Maunder v B & B Lbr. Co., 166 AD3d at 1262; Matter of Haven v F & F Custom Constr. Inc., 165 AD3d 1353, 1354-1355 [2018]; Matter of Derouchie v Massena W.—WC—Smelter, 160 AD3d 1310, 1311 [2018]), that claimant sustained a 50% SLU of his right shoulder based upon claimant's abduction and rotation defects in his right shoulder [FN2]. In addition, both Chiaramonte and Hammert opined that claimant presented with defects in range of motion of his right elbow. Maloney's medical report establishes that claimant's shoulder sustained the major loss and therefore is the "highest valued part of the extremity" with an assigned 50% SLU (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 2.5, at 24 [2012]). As the aforementioned medical reports and [*3]testimony considered by the Board also reflected "additional defects of the [right] elbow," the Board, based upon special consideration 10, correctly "add[ed] 10% to the [50%] loss of use of the arm" related to claimant's right shoulder, resulting in a final 60% SLU of the right arm (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 2.5, at 24 [2012]; see Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). Contrary to claimant's assertion, this was entirely appropriate and consistent with the Board's guidelines, as "neither the statute nor the Board's guidelines lists the [elbow] . . . as [a] body part[] lending [itself] to [a] separate SLU award[]. Rather, impairments to th[is] extremit[y] are encompassed by awards for the loss of use of the [arm]" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510; see Workers' Compensation Law § 15 [3] [a]-[l]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity §§ 2.4, 2.5, at 22-24 [2012])[FN3]. To the extent that claimant's remaining contentions have not been addressed herein, they have been considered and found to be without merit.
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: A claimant may receive more than one SLU award for a loss of "more than one member or parts of more than one member" (Workers' Compensation Law § 15 [3] [u]); however, such SLU awards are limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3) (a).

Footnote 2: We note that the parties do not take issue with Maloney's ascribed SLU percentage or the manner in which he arrived at his finding that claimant sustained a 50% SLU of his right upper extremity.

Footnote 3: Moreover, were we to adopt claimant's position requiring the SLU of his right arm to be calculated by adding the sum total of the individual SLUs of both the elbow and shoulder, certain cases could produce an SLU of the arm that exceeds 100%, which is not permitted (see Workers' Compensation Law § 15; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity ch 8, at 43 [2012]).