In the Matter of the Claim of IRVING ROTHMAN, Respondent, v. THOMAS HOLLAND et al., Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Uninsured Employer's Fund from a decision of the Workmen's Compensation Board, filed April 11, 1972. Claimant sustained an injury on March 10, 1970 when he was shot in the abdomen while delivering newspapers. He was employed part-time by one Holland, a route dealer, engaged in home delivery of the *New York Times*. Claimant delivered the *Times* to the homes of *Times* subscribers in apartment houses in Manhattan. Holland, working out of a hotel located in the area, received deliveries of the *Times* daily and Sundays from the *New York Times*. He would then break down the bundles, sorting them by addresses and leave the various bundles in front of the apartment houses. Claimant would go from building to building picking up the bundles of newspapers at each and complete the delivery to the apartment of each subscriber. He received his instructions and orders relating to his duties from Holland. The *New York Times* solicited its subscribers by direct telephone and advertising and sent the names to the route dealer. Complaints about the home delivery service were handled by the *Times* and referred to an area inspector employed by the *Times*. Holland was billed by the *Times* and was paid directly by the customers. He, in turn, paid claimant a weekly

salary. It was Holland who determined the price to be charged to the customers for such delivery. The board has determined that claimant was employed solely by Holland. Appellant contends that claimant was also in the special employ of the *New York Times,* or in the alternative, there was a contractor-subcontractor relationship between the *Times* and Holland pursuant to section 56 of the Workmen's Compensation Law and the *Times* is liable for compensation to the employee of its subcontractor who is injured in the course of hazardous employment. With these contentions we do not agree. Claimant had no connection with the *Times* other than to deliver its newspapers for Holland. His salary was fixed and paid by Holland, he was not subject to the rules and regulations of the *New York Times.* It was Holland alone who could discharge him. The board's factual determination that there was no special employment by the *Times* should be upheld since that finding is supported by substantial evidence. As to appellant's other contention, there is no evidence that there was a contract between the *Times* and the subscribers to whom Holland delivered the newspapers. Holland was an independent contractor who purchased the newspapers and, in turn, sold and delivered them to his customers. New subscribers, although solicited by the *Times,* were referred to Holland, the route dealer with whom they did business. The board, therefore, properly determined that Holland was not a subcontractor under section 56. (*Matter of Sutera* v. *Horowitz,* 9 A D 2d 595.) Decision affirmed, with costs to respondents filing briefs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.