■ In the Matter of the Claim of PAUL GRIFFIN, Respondent, v NEW YORK STATE DEPARTMENT OF COMMERCE et al., Appellants, and JIMMY CHRISTIE ORCHESTRA, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed April 29, 1987, which ruled that the Department of Commerce was claimant's employer.

Workers' Compensation Law § 56 provides, in part, as follows: "A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall, in any case of injury or death to any employee, arising out of and in the course of such hazardous employment, be liable for and pay compensation to such employee * * * unless the subcontractor primarily liable for such compensation * * * has secured compensation therefor as provided in this chapter." The Workers' Compensation Board found that the Department of Commerce* was a contractor within the meaning of this provision and, therefore, was liable as an employer for compensation to claimant, who was injured while performing with the Jimmy Christie Orchestra during an event that was part of the "I Love New York" tourism campaign. The Department, a sponsor of the tourism campaign, had entered into a contract with the orchestra to perform at the event and the orchestra, which had no compensation coverage, retained the services of claimant, a trumpet player. We agree with the Department's contention

---

* The Department of Commerce has been renamed the Department of Economic Development (L 1987, ch 839).

that it was not a contractor within the meaning of Workers' Compensation Law § 56.

On its face, the statute applies where a contractor subcontracts all or any part of its contract. Thus, where an owner contracts directly with others to perform work for the owner, the owner is not a contractor within the meaning of Workers' Compensation Law § 56 (see, Matter of Dewhurst v Simon, 295 NY 352, 353; Matter of Falsey v Eastman, 22 AD2d 1003, 1004). We agree with the Department that it cannot be a contractor under Workers' Compensation Law § 56 since it had no contract which it subcontracted to claimant's employer (see, Matter of Rothman v Holland, 42 AD2d 1010). Although the Board made no attempt to provide a rationale for its conclusion in its decision, it argues on appeal that the powers and responsibilities vested in the Department by its enabling legislation (Economic Development Law arts 2, 4, 5-A) have the effect of creating an owner-general contractor relationship between the State and its agency, at least for the purposes of Workers' Compensation Law § 56. While this argument might support a legislative effort to amend the statute to encompass the circumstances presented herein, it does not provide a rational basis for the Board's decision, which conflicts with the clear and unambiguous wording of the statute.

Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.