■ In the Matter of the Claim of WILLIAM H. GRUMAN, Respondent. MORTGAGE CENTER, INC., Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [613 NYS2d 963] —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1992 which ruled that claimant was entitled to receive unemployment insurance benefits.

The issues raised here involve whether (1) claimant is an

employee of Mortgage Center, Inc. (hereinafter the Company) or an independent contractor, and (2) the Company was denied a full hearing in violation of the rules of the Commissioner of Labor.

The Company challenged claimant's entitlement to unemployment insurance benefits. After an initial default by the Company, leave to reopen the hearing was granted. A hearing was held on April 12, 1991 at which Susan Gass, the Company's president, testified to the effect that claimant applied for work as a result of a newspaper advertisement she had placed seeking loan representatives. The Company is in the mortgage brokerage business. Claimant worked for the Company for seven weeks, from June to July 1990. He was paid $2,000 a month for two months which was to be followed by a full commission arrangement. Gass indicated that claimant was required to answer phones in the office a few hours each week, to come in regularly for leads and forms. Gass served as the source of information for claimant about loans he was working on. Claimant was required to attend breakfast meetings deemed necessary by the Company to help him fulfill his duties. Fringe benefits were not provided to claimant but a group insurance plan was offered for which each participant had to pay. Claimant was discharged for lack of productivity and quality of work.

The hearing was adjourned after Gass' direct testimony. The parties were advised of an adjourned date of May 21, 1991 by mail at which time the Company representative requested a further adjournment, which was granted. By a "Notice of Adjourned Hearing" dated June 24, 1991, the parties were advised again by mail to appear on July 2, 1991. Claimant and the Commissioner's representative appeared. The Company's attorneys, Katz and Katz, sent a letter dated June 26, 1991 requesting a further adjournment because of conflict with two real estate closings. The request was denied because the attorney handling the matter knew the adjourned date, was not actually engaged in a trial and is a member of a law firm. Claimant's testimony was then taken. The Administrative Law Judge (hereinafter ALJ) concluded that claimant was the Company's employee.

The Company applied to reopen the hearing by letter of September 6, 1991. The Unemployment Insurance Appeal Board held a hearing on the question of the timeliness of the application (see, Labor Law § 621 [1]) which was first scheduled for March 10, 1992 and adjourned to April 8, 1992 at the Company's request. The Board found that the name and

address of the Company's attorney did not appear on the ALJ's decision and ordered the hearing reopened. The Board thereupon reviewed the record, adopted the factual findings and opinions of the ALJ, and affirmed the prior decision. This appeal by the Company ensued.

There should be an affirmance. The Company was afforded a full opportunity to be heard on its default and the Board did not abuse its discretion by finding that the Company lacked good cause for an adjournment. Its belated contention that it would establish that claimant was terminated for cause is specious. The sole issue raised in the Company's hearing request is whether claimant was its employee or an independent contractor.

Finally, we note that the testimony of Gass and her admissions contradicting the Company's position provide substantial support for the Board's finding that claimant was the Company's employee without reliance on the testimony of claimant. Gass' testimony constitutes substantial evidence supporting the Board's conclusion that claimant was an employee (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682). To order a further hearing to permit claimant's cross-examination under these circumstances is without purpose (see, Matter of O'Connor [Howell—Hartnett], 165 AD2d 946, 948).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.