In the Matter of the Claim of JOSEPH TULLY, Respondent, v LIVE RIGHT REALTY CORPORATION et al., Appellants, and ONE

Beacon Insurance Company et al., Respondents. Workers' Compensation Board, Respondent. [827 NYS2d 362]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 21, 2005, which ruled, inter alia, that an employer-employee relationship existed between claimant and Jules Reich.

Jules Reich is the president and, by his own admission, sole employee of Live Right Realty Corporation, a company that manages, sells and rents approximately 450 apartments owned, in their capacity as shareholders of over one dozen limited liability corporations or partnerships, by Reich and other members of his family. Claimant, a painter and plasterer who worked exclusively for Reich for approximately four years prior to the date of this incident, suffered a heart attack in December 1998 while performing renovations in an apartment owned by Reich. Following various hearings, at which accident, notice and causal relationship were established, a Workers' Compensation Law Judge found that claimant was an employee of Reich, as opposed to Live Right. A panel of the Workers' Compensation Board upheld that determination, prompting this appeal.

Reich's sole contention on appeal is that the Board erred in concluding that claimant was his employee and not Live Right's employee. We cannot agree. The Board's resolution of a factual issue, particularly the question of whether an employer-employee relationship indeed exists, will be upheld if supported by substantial evidence in the record as a whole (see *Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006]). Factors relevant in establishing such a relationship include, but are not limited to, the nature of the work performed, the furnishing of equipment and supplies, the method of payment, the right to schedule and control the work and the right to discharge (see *Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614-615 [2005]).

Here, the record reveals that Reich told claimant where and when to work and, further, precisely what work needed to be performed. Reich also admittedly supplied claimant with all of the materials necessary to complete the various assignments and decided which entity (limited liability corporation or partnership) would pay claimant. Notably, claimant never received any compensation from Live Right. Additionally, Reich had the authority to discharge claimant. Under such circumstances, the Board's decision is amply supported by the record and, as such, we will not disturb it.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.