■ In the Matter of the Claim of JAMES JOYNER, Respondent, v EVENT DESIGN ASSOCIATES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [835 NYS2d 771]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 12, 2005, which ruled, inter alia, that an employer-employee relationship existed between claimant and Event Design Associates, Inc.

In July 2002, claimant was retained by Event Design Associates, Inc. (hereinafter EDA) to assist in transporting furniture and special event props to a party that EDA was organizing on Long Island. In accordance with instructions provided by EDA, claimant picked up a leased truck in Manhattan, drove it to a location in Brooklyn where he loaded it with furniture and parked it overnight. The following morning, he recovered the truck and drove it to Long Island, where he unloaded the furniture and set up for the party. Claimant was supposed to stay overnight at a nearby hotel, return to the site of the party the next day, reload the furniture and return it and the truck to New York City. However, while he was en route to the hotel, claimant was involved in an automobile accident and sustained serious injuries. He applied for workers' compensation benefits, claiming to be an employee of EDA. Following extended proceedings, the Workers' Compensation Board ultimately ruled, among other things, that an employment relationship existed between claimant and EDA. EDA now appeals.

We affirm. The existence of an employment relationship is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (*see Matter of Scimeca v American Overseas Express Intl., Inc.*, 27 AD3d 981, 982 [2006], *lv denied* 7 NY3d 707 [2006]). While no one factor is dispositive in making this determination, relevant considerations include "the nature of the work performed, the furnishing of equipment and supplies, the method of payment, the right to schedule and control the work and the right to discharge" (*Matter of Tully v Live Right Realty Corp.*, 36 AD3d 1108, 1109 [2007]; *see Matter of Gregg v Randazzo*, 216 AD2d 747, 748 [1995]).

In the case at hand, it is undisputed that EDA's owner authorized an individual who was working for him to obtain a person to deliver furniture and supplies to the party in Long Island. This individual selected claimant, a former coworker, and provided him with specific instructions concerning when and where to obtain the truck and furniture, and when they were to be brought to Long Island and returned to New York City. EDA leased and paid for the truck, paid claimant a flat hourly wage of $17 per hour, was supposed to pay for claimant's hotel room and provided claimant with $100 in petty cash to cover incidental expenses. In addition, EDA's owner retained the right to terminate claimant if he did not perform as directed. Notwithstanding the evidence in the record that would support a contrary conclusion (*see Matter of Marques v Salgado*, 12 AD3d 817, 819 [2004]), we are of the view that the foregoing

constitutes substantial evidence supporting the Board's finding of an employment relationship. We, therefore, decline to disturb its decision.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.