■ In the Matter of the Claim of SANG HWAN PARK, Appellant, v SEMOK LEE, Doing Business as LEE 77 TRUCKING, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [862 NYS2d 199]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 24, 2006, which ruled that claimant was not an employee of Semok Lee and denied his claim for workers' compensation benefits.

Claimant owned and operated a delivery truck that delivered produce for Semok Lee. In November 2003, claimant was admitted to the emergency room with back pain and pain and numbness in his legs. An L4-L5 disc herniation was discovered and surgery was performed. Claimant filed a workers' compensation

claim in February 2004—listing Lee as his employer—and hearings were scheduled to receive the testimony of claimant and Lee, and to determine, among other things, whether an employer-employee relationship existed between them. At the conclusion of claimant's testimony, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that Lee's testimony was not necessary because claimant's testimony and documentary evidence conclusively established that no employer-employee relationship existed. Claimant subsequently applied for review by the Workers' Compensation Board and asserted, among other things, that due process required that he be given an opportunity to cross-examine Lee. The Board affirmed the decision of the WCLJ and claimant now appeals.

Claimant initially contends that it was error for the WCLJ to close the proof and render a determination before Lee testified, thereby depriving him of due process. We disagree. The first time that claimant requested that Lee testify was in his application for Board review. Although Lee was scheduled to testify, claimant's attorney sought no adjournment once it became clear that Lee's testimony was not going to be heard. The attorney's unparticularized objection came only after the WCLJ had issued his determination and the attorney made no specific objection to the closing of proof without hearing Lee's testimony. Under these circumstances, claimant has waived this issue (*see Matter of Clarke v Rockland County*, 194 AD2d 1017, 1018 [1993]; *see also Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, 758 [1998]; *cf. Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767, 767-768 [1999]; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 832-833 [1995]).

In any event, where—as here—claimant's own testimony and his 2003 tax return rebutted his claim that an employer-employee relationship existed, the WCLJ did not err in concluding that Lee's testimony was unnecessary (*see Matter of Walk v Glomann*, 263 AD2d 757, 757-758 [1999]; *Matter of Gruman [Mortgage Ctr.—Hudacs]*, 205 AD2d 993, 994 [1994]; *Matter of O'Connor [Howell—Hartnett]*, 165 AD2d 946, 948 [1990]; *cf. Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]). Further, because no direct testimony was received from Lee, claimant was not deprived of the right of cross-examination (*see Matter of McIver v Mobil Oil Corp.*, 115 AD2d 879, 880 [1985]). Accordingly, we find that claimant's due process rights were not violated.

Claimant also contends that the Board's decision was not supported by substantial evidence. It is well settled that "[t]he ex-

istence of an employer-employee relationship is a factual issue for the Board to resolve and its finding must be upheld if supported by substantial evidence," even where there is evidence in the record that could support a contrary result (*Matter of Topper v Cohen's Bakery*, 295 AD2d 872, 872 [2002]; *see Matter of Simonelli v Adams Bakery Corp.*, 286 AD2d 805, 806 [2001], *lv dismissed* 98 NY2d 671 [2002]; *Matter of Semus v University of Rochester*, 272 AD2d 836, 836-837 [2000]). Factors to be considered in making such a determination include the right to control the work, the method of payment, the right to discharge and the relative nature of the work; however, no single factor is dispositive (*see Matter of Topper v Cohen's Bakery*, 295 AD2d at 872-873; *Matter of Semus v University of Rochester*, 272 AD2d at 837). Here, claimant's testimony that he owned his delivery truck, paid for the truck's gas and repairs, paid for his own helpers when necessary and listed himself as self-employed on his tax returns is substantial evidence supporting the Board's determination.

Claimant's remaining assertions have been considered and found lacking in merit.

Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Ordered that decision is affirmed, without costs.