■ In the Matter of the Claim of LAI POCK LEW, Respondent, v RICHARD YOUNGER, Appellant, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [893 NYS2d 367]—

Lahtinen, J.

Claimant, a cleaner, sought workers' compensation benefits after he was allegedly injured in the course of his employment for Richard Younger, a site manager who arranged for the upkeep of a number of buildings. In 2007, the Workers' Compensation Board reversed a 2006 decision by a Workers' Compensation Law Judge that disallowed the claim on the ground that claimant was an independent contractor and determined that claimant was employed by Younger, established the claim for head and neck injuries and restored the case to the calendar. A Workers' Compensation Law Judge thereafter issued a decision which, among other things, set claimant's average weekly wage and made an award. Younger and others sought review, again arguing that claimant was either an independent contractor or in the employ of the owner of the building where he was injured. In 2008, the Board declined to revisit the employer-employee relationship issue and affirmed, and Younger appeals.

We affirm. Initially, as the Board concedes, the issue of employer-employee relationship is properly before us. The Board did not affirm the award in this case until its 2008 decision and, as a result, Younger could elect to seek review of the issue upon an appeal from that final determination (*see Matter of Hiser v Richmor Aviation, Inc.*, 52 AD3d 915, 916 [2008]; *Matter of*

*Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870 [1979]).

Turning to the merits, the Board's determination that an employer-employee relationship exists will be upheld if supported by substantial evidence (*see Matter of El Hassanein v Yankee Stop Corp.*, 64 AD3d 824 [2009], *lv denied* 13 NY3d 708 [2009]). In making that determination, relevant considerations for the Board "include the right to control the work, the method of payment, the right to discharge and the relative nature of the work; however, no single factor is dispositive" (*Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 938 [2008]; *see Matter of Tully v Live Right Realty Corp.*, 36 AD3d 1108, 1109 [2007]). In this case, Younger hired claimant to clean multiple buildings and paid him a fixed amount per week by check. Claimant testified that he worked for Younger exclusively and that Younger told him where to work as well as what work to do. A representative of the building's owner agreed that Younger instructed and supervised claimant, stating that he would ordinarily contact Younger if claimant was required to do specific cleaning work. Substantial evidence accordingly exists from which the Board could discern an employer-employee relationship between Younger and claimant, notwithstanding evidence that could permit a different result (*see Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723-724 [2005]).

Mercure, J.P., Peters, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.