■ In the Matter of the Claim of RICHARD KELES, Appellant, v AUGUSTO B. SANTOS, Doing Business as SANTOS CLEANING SERVICE, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 759]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 28, 2008, which ruled that claimant was not an employee of Augusto B. Santos and denied his claim for workers' compensation benefits.

Claimant was employed by Plymouth Beef Company as director of quality control at a meat processing facility. He was allegedly injured at the facility prior to the start of his scheduled shift with Plymouth, and thereafter sought workers' compensation benefits. He claimed that his early presence at the facility was due to inspection work he performed for Augusto B. Santos, the proprietor of the business that cleaned the facility.* A Workers' Compensation Law Judge disallowed the claim, finding that no employer-employee relationship existed between claimant and Santos. The Workers' Compensation Board agreed, and claimant appeals.

As substantial evidence supports the Board's determination that no employer-employee relationship existed, we affirm (*see Matter of Lai Pock Lew v Younger*, 69 AD3d 1161, 1162 [2010]; *Matter of El Hassanein v Yankee Stop Corp.*, 64 AD3d 824, 824 [2009], *lv denied* 13 NY3d 708 [2009]). In determining whether an employer-employee relationship exists, the Board considers factors such as "the right to control the work, the method of payment, the right to discharge and the relative nature of the work; however, no single factor is dispositive" (*Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 938 [2008]; *accord Matter of Lai Pock Lew v Younger*, 69 AD3d at 1162). Claimant worked for Santos for a short period of time in 2001, but he admitted that he had not been paid by Santos for months prior to the alleged accident. Indeed, Santos stopped paying, and testified to replacing claimant following claimant's unsuccessful demand that his pay be doubled. Claimant was not supervised by Santos at any point and, although he continued to deal with employees

* We note that the hearing testimony of Santos is incorrectly attributed to another person.

of Santos after his pay stopped, his employment with Plymouth required that interaction. While claimant testified that he felt morally obliged to continue performing the safety inspections which he had done for Santos even though Santos no longer needed his services, that gratuitous work, absent other indicia suggesting an employer-employee relationship, does not support an award of workers' compensation benefits (*see Ferro v Sinsheimer Estate, Inc.*, 256 NY 398, 401-402 [1931]; *Matter of Lawn v Sheran*, 11 AD2d 562, 562 [1960]; *cf. Fitzpatrick v Holimont, Inc.*, 247 AD2d 715, 715-716 [1998], *lv dismissed* 92 NY2d 888 [1998], *lv denied* 94 NY2d 755 [1999]).

Mercure, J.P., Peters, Spain and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.