■ In the Matter of the Claim of ROMAN ESTRELLA, Respondent, v BROADWAY 69 ASSOCIATES, Appellant, and ARTHUR CORNFELD, Doing Business as ABC PROPERTIES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [913 NYS2d 425]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed June 3, 2008, which, among other things, ruled that an employer-employee relationship did not exist between claimant and Broadway 69 Associates.

Claimant, a painter and handyman, was injured in 2004 when he fell from a ladder while replacing a ceiling. He commenced a personal injury action against, among others, the owner of the building where he was injured, Broadway 69 Associates. Broadway 69 asserted an affirmative defense that claimant was its employee and that workers' compensation benefits constituted his sole remedy against it (*see* Workers' Compensation Law §§ 11, 29 [6]). The issue of employer-employee relationship was then raised in this workers' compensation proceeding and, following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant was employed by the management company that maintained the building, not Broadway 69. Broadway 69 sought review and attempted to submit new evidence to the Workers' Compensation Board regarding the distinctions between it and the management company. The Workers' Compensation Board declined to consider the new evidence and affirmed. Broadway 69 appeals and we affirm.

Initially, Broadway 69 complains of the Board's refusal to consider the evidence belatedly submitted by it, but Broadway 69 was required to "explain[ ] the failure to previously offer such evidence and it is within the discretion of the Board to 'deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the [WCLJ]' " (*Matter of Husak v New York City Tr. Auth.*, 40 AD3d 1249, 1250 [2007], quoting 12 NYCRR 300.13 [g]). While Broadway 69 asserted that the parties never considered the management company to be a potential employer, the WCLJ placed the parties on notice that she was considering that possibility and, as such, the Board did not abuse its discretion in determining that the additional evidence could and should have been submitted earlier.

As for the Board's determination that no employer-employee relationship existed between Broadway 69 and claimant, that determination will be upheld if substantial evidence in the record supports it (*see Matter of Lai Pock Lew v Younger*, 69 AD3d

1161, 1162 [2010]; *Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]). While no one factor is dispositive, "relevant considerations for the Board 'include the right to control the work, the method of payment, the right to discharge and the relative nature of the work' " (*Matter of Lai Pock Lew v Younger*, 69 AD3d at 1162, quoting *Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 938 [2008]; *see Matter of Brown v City of Rome*, 66 AD3d 1092, 1092 [2009]). Here, employees of the management company—not Broadway 69—determined what work needed to be done, offered the work to claimant, and inspected his work. It was the management company, rather than Broadway 69, that paid claimant for his work and, frequently, provided or paid for materials and equipment used by him. Moreover, the management company's comptroller admitted that Broadway 69 did not "have anything to do with" operating or caring for the building, and claimant worked for the management company at multiple locations. Substantial evidence thus supports the Board's determination that Broadway 69 did not have an employer-employee relationship with claimant (*see Matter of Lai Pock Lew v Younger*, 69 AD3d at 1162; *Matter of Pilku v 24535 Owners Corp.*, 19 AD3d at 724; *cf. Matter of Valverde v New York City Dept. of Hous. Preserv. & Dev.*, 154 AD2d 756, 757-758 [1989], *lv dismissed* 77 NY2d 833 [1991]).

Mercure, J.P., Peters, Rose and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.