██ In the Matter of the Claim of AGIM DUMA, Claimant, v GENTIAN BACA, Doing Business as A&G CLEANING SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [921 NYS2d 389]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2009, which ruled that an employer-employee relationship existed between claimant and Gentian Baca, doing business as A&G Cleaning Services.

While making a delivery for Gentian Baca, doing business as A&G Cleaning Services (hereinafter A&G), claimant was struck by an automobile. Claimant sought workers' compensation benefits and, following hearings, a Workers' Compensation Law Judge determined that an employer-employee relationship existed between him and A&G. The Workers' Compensation Board affirmed upon review, and A&G now appeals.

We affirm. Whether an employer-employee relationship existed presents a factual issue for the Board, and its determination thereof will not be disturbed if supported by substantial evidence in the record (*see Matter of Enriquez v Home Lawn Care & Landscaping, Inc.*, 77 AD3d 1149, 1150 [2010]; *Matter of Lai Pock Lew v Younger*, 69 AD3d 1161, 1162 [2010]). No single fact is dispositive in making that determination, including that a "non-employment application" signed by claimant states that he was not A&G's employee (*see Matter of Brown v City of Rome*, 66 AD3d 1092, 1092 [2009]).* Instead, the Board considers all relevant factors, such as "the right to control the work and set the work schedule, the method of payment, the

---

* We note that claimant, who needed an interpreter to testify, stated that this document was not explained to him when he signed it and that he did not understand it.

furnishing of equipment, the right to discharge and the relative nature of the work at issue" (*Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614-615 [2005]; *see Matter of Enriquez v Home Lawn Care & Landscaping, Inc.*, 77 AD3d at 1150). Here, A&G provided trucks for claimant, who made deliveries on a schedule and route set by it, and retained the right to discharge him upon notice. A&G bore the routine expenses associated with the trucks, and claimant stated that A&G reimbursed him for tolls and any traffic fines imposed in the course of his work. Claimant and another driver further testified that A&G paid them a set weekly amount for their work. Notwithstanding evidence in the record that could support a contrary result, we are satisfied that the foregoing constitutes substantial evidence supporting the Board's determination that claimant was A&G's employee (*see Matter of Joyner v Event Design Assoc., Inc.*, 40 AD3d 1278, 1279-1280 [2007]; *Matter of Fisher v KJ Transp.*, 27 AD3d 934, 935 [2006]).

We have considered A&G's remaining arguments and find them to be without merit.

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.