■ In the Matter of the Claim of PETER CASSARO, Appellant, v CARL L. HORTON, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 751]—

Stein, J.

Claimant was injured on August 25, 2008 when the truck he was driving, which was owned by Carl L. Horton, flipped over while transporting sand and gravel. He thereafter sought workers' compensation benefits and, following a hearing to determine whether an employer-employee relationship existed between claimant and Horton, a Workers' Compensation Law Judge found that claimant was not an employee of Horton. The Workers' Compensation Board affirmed this determination upon review, and claimant now appeals.

We affirm. "Whether an employer-employee relationship existed presents a factual issue for the Board, and its determination thereof will not be disturbed if supported by substantial evidence in the record" (*Matter of Duma v Baca*, 83 AD3d 1228, 1228 [2011] [citations omitted]; *see Matter of Mendoza v Dolgetta*, 81 AD3d 1043, 1044 [2011]). In making this determination, the Board considers such factors as "the right to control the work, the method of payment, the right to discharge and the relative nature of the work; however, no single factor is dispositive" (*Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 938 [2008]; *see Matter of Keles v Santos*, 73 AD3d 1396, 1396 [2010]).

Here, Horton ran a trucking company out of his home, specializing in arranging to transport scrap metal and waste tires. The record reflects that, beginning in early August 2008, Horton would contact claimant when he had work available and

claimant would use Horton's truck. Claimant did not have a set schedule and was not paid a salary or hourly wage, but was paid a percentage of the amount that Horton collected for each load and no taxes were withheld from claimant's pay. Horton was not present at the job sites and did not supervise claimant's work. Claimant could choose how many loads he transported and the amount of time he took to transport the loads, so long as he arrived at the destination yard prior to its closing. Horton testified that he and claimant had an agreement that claimant was an independent contractor and that Horton would not take out any insurance on claimant. Further, claimant represented on his 2008 tax return that he was self-employed with respect to the income he earned from Horton. To the extent that claimant's testimony contradicted that of Horton, this created a credibility issue that was within the Board's province to resolve (*see Matter of Perez v Licea*, 74 AD3d 1672, 1674 [2010], *lv denied* 15 NY3d 711 [2010]; *Matter of Bran v Wimbish*, 73 AD3d 1378, 1379-1380 [2010], *lv dismissed* 15 NY3d 818 [2010]). Notwithstanding the evidence in the record that could support a contrary result, we conclude that the record contains substantial evidence supporting the Board's determination and we, therefore decline to disturb it (*see Matter of Duma v Baca*, 83 AD3d at 1229; *Matter of Bran v Wimbish*, 73 AD3d at 1380). Finally, inasmuch as claimant's injury predates the effective date of the New York State Construction Industry Fair Play Act (*see* L 2010, ch 418), such Act is not applicable here.

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.