■ In the Matter of the Claim of FIDENCIO PELAEZ, Claimant, v ALAN SILVERSTONE et al., Appellants, and STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [941 NYS2d 286]—

Garry, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 1, 2010, which, among other things, ruled that claimant was an employee of Silverbrook Farm, Inc., and (2) from a decision of said Board, filed January 19, 2011, which denied the request of Silverbrook Farm, Inc. for reconsideration and/or full Board review.

In December 2007, claimant was injured when he was kicked in the head by a horse and he applied for workers' compensation benefits, listing Silverbrook Farm, Inc. (hereinafter Silverbrook) as his employer. Alan Silverstone, president of Silverstone Corporation (hereinafter Silverstone), filed a C-2 form regarding the claim, stating that claimant was employed as a casual laborer by Silverstone, which was doing business as Silverbrook. The Workers' Compensation Board indexed the claim against the State Insurance Fund (hereinafter SIF) as the workers' compensation carrier for Silverstone. SIF contested the claim on various grounds, including challenging the existence of an employer-employee relationship. Ultimately, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant was employed by Silverbrook at the time of his injury. On review, the Board adopted the findings of the WCLJ and affirmed. The Board subsequently denied Silverbrook's application for reconsideration and/or full Board review. These appeals ensued.

We affirm. "Whether an employer-employee relationship existed presents a factual issue for the Board, and its determination thereof will not be disturbed if supported by substantial evidence in the record" (*Matter of Duma v Baca*, 83 AD3d 1228, 1228 [2011] [citations omitted]; *see Matter of Mendoza v Dolgetta*, 81 AD3d 1043, 1044 [2011]). Here, there is substantial evidence in the record supporting the Board's determination

that Silverbrook was claimant's employer at the time of his injury. Claimant's paychecks from the two weeks prior to his injury were drawn on Silverbrook's account. Further, claimant entered into a lease agreement with Silverbrook which provided that the $1,500 monthly rental for a cottage on Silverbrook property would be reduced by $500 in return for claimant, and three other tenants, performing "Night Check Provider" duties at the farm. In opposition, Silverstone relied on the testimony of Alan Silverstone and Janice Silverstone, who served as Silverbrook's president and vice-president, respectively. They testified that claimant was employed by Silverstone and that Silverbrook was only a real estate holding company with no employees. Janice Silverstone also testified that the paychecks that were issued to claimant by Silverbrook in December 2007 were drawn from that account due to the fact that the Silverstone account did not have the funds available at that time. This testimony created a credibility issue that was within the Board's authority to resolve (*see Matter of Cassaro v Horton*, 89 AD3d 1288, 1289 [2011]; *Matter of Bran v Wimbish*, 73 AD3d 1378, 1379-1380 [2010], *lv dismissed* 15 NY3d 818 [2010]). Accordingly, despite proof in the record that would support a contrary determination, we find no basis to disturb the Board's decision that claimant was employed by Silverbrook at the time of his injury.

We reject Silverbrook's contention that the Board abused its discretion in refusing to allow Silverbrook an opportunity to further develop the record regarding alleged paychecks issued to claimant from Silverstone. Janice Silverstone testified that, while claimant was generally paid in cash, she believed that claimant was paid by check by Silverstone at the beginning of his employment. She further testified, however, that she did not keep any record of the checks and, although she stated that her accountant may have them, she could not remember the accountant's name. Under these circumstances, and in light of the fact that Silverbrook had sufficient notice that it was to produce evidence regarding an employer-employee relationship at the hearing, we cannot conclude that the Board abused its discretion in refusing Silverbrook the opportunity to further develop the record regarding the alleged paychecks (*see Matter of Estrella v Broadway 69 Assoc.*, 79 AD3d 1536, 1537 [2010]).

Regarding Silverbrook's challenge of the Board's decision denying its application for reconsideration and/or full Board review, the only additional evidence contained in the application that was not presented previously to the Board was a "Services Agreement" allegedly entered into by Silverbrook and Silver-

stone, whereby Silverstone agreed to run the farm operation and provide workers to operate the farm and maintain the facilities located on Silverbrook's property. The agreement, however, was entered into on January 1, 2007, almost 12 months prior to claimant's injury, and Silverbrook has given no indication why this additional evidence was not available at the time of the hearing (*see* 12 NYCRR 300.13 [g]). Accordingly, we are unable to conclude that the Board's denial of Silverbrook's application was an abuse of discretion or arbitrary or capricious (*see Matter of Siliverdis v Sea Breeze Servs. Corp.*, 82 AD3d 1459, 1460 [2011]; *Matter of Hyland v Matarese*, 56 AD3d 841, 844 [2008]).

Mercure, A.P.J., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.