■ In the Matter of JOSE LAMA, Respondent, v SPK RESTAURANT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [953 NYS2d 324]—

Egan Jr., J.

Claimant applied for workers' compensation benefits in connection with respiratory injuries he sustained while cleaning up debris in the wake of the September 11, 2001 terrorist attacks outside of a building located at 325 Broadway in New York City. When a question arose as to the identity of claimant's employer, the Workers' Compensation Board's Bureau of Compliance investigated in an attempt to resolve this issue. Several potential employers were identified but, following a hearing, a Workers'

Compensation Law Judge ruled that SPK Restaurant, Inc. was claimant's employer at the time he sustained his injuries and awarded benefits. Upon review, the Workers' Compensation Board affirmed, and this appeal by SPK and its workers' compensation carrier ensued.

To be sure, whether an employer-employee relationship exists in a given situation is a factual issue for the Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, must be affirmed (*see Matter of Pelaez v Silverstone*, 93 AD3d 1042, 1042 [2012], *lv dismissed and denied* 19 NY3d 954 [2012]; *Matter of Bran v Wimbish*, 73 AD3d 1378, 1379 [2010], *lv dismissed* 15 NY3d 818 [2010]). Here, however, the requisite substantial evidence is lacking.

The Board's entire decision is premised upon the fact that John Gelestathis, the individual whom claimant consistently identified as his employer, used to own a restaurant located at 325 Broadway known as the 5 Star Deli & Restaurant. Gelestathis, in turn, sold that restaurant to SPK (doing business as the Wall Street Grille) in March 2000.[1] As claimant testified that he was tasked with sweeping the sidewalk outside and in the general vicinity of 325 Broadway beginning on or about September 14, 2001, and because SPK owned a restaurant at that location on that date, the Board reasoned that claimant necessarily had to be employed by SPK. The Board's analysis on this point, however, is flawed in several material respects.

As a starting point, claimant never asserted that he was employed by SPK; to the contrary, claimant consistently identified Gelestathis (or "Mr. John") as his employer. Additionally, claimant did not identify either the 5 Star Deli & Restaurant or the Wall Street Grille as the restaurant located at 325 Broadway; rather, claimant consistently and repeatedly asserted that he worked for Gelestathis at the Empire Restaurant—first as a food delivery person and, following the terrorist attacks, as a clean-up worker. Claimant also insisted that the Empire Restaurant was located in a one-story building at 325 Broadway; the record before us, however, conclusively establishes that 325 Broadway is a multi-story building. Additionally, the Board's Bureau of Compliance issued more than one report indicating that while a records search and follow-up field visits revealed that there were a number of businesses known as "Empire

---

1. Gelestathis disavowed any connection to or association with the 325 Broadway location following the sale to SPK.

Restaurant," none of those entities was located at 325 Broadway.[2]

Even accepting that claimant may have been confused regarding either the name of the restaurant located at 325 Broadway or his actual work location, the fact remains that there is nothing in the record to support a finding that claimant was employed by SPK. Simply put, the mere fact that SPK owned a restaurant at 325 Broadway and claimant, in turn, insisted that he swept the sidewalk in the vicinity of that location following the terrorist attacks does not mean that claimant worked for SPK—particularly in light of claimant's consistent and uncontradicted testimony that he worked for and took direction from Gelestathis alone. Accordingly, the Board's finding that claimant actually was employed by SPK cannot stand.

Mercure, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

**2.** In this regard, the record contains a photograph of the Empire Diner, which is a one-story structure, but that establishment is not located at 325 Broadway.