*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                516780
_____

In the Matter of the Claim of
    DAVID M. HASBROUCK,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
CHRISTOPHER M. HARLOFF,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____


        Coughlin & Gerhart, LLP, Binghamton (Oliver N. Blaise III
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 25, 2012, which, upon reconsideration, ruled, among
other things, that claimant was an employee of Christopher M.
Harloff.

        In November 2008, claimant was injured while splitting
firewood on the property of Christopher M. Harloff and, in
October 2009, he applied for workers' compensation benefits.  A
Workers' Compensation Law Judge, in two decisions, found that an

employer-employee relationship existed between claimant and Harloff, established the claim, found Harloff in violation of Workers' Compensation Law § 50 and authorized medical care. Upon review, a panel of the Workers' Compensation Board reversed, finding, among other things, that although an employer-employee relationship existed, the claim was barred due to claimant's failure to provide timely notice to Harloff pursuant to Workers' Compensation Law § 18. Claimant appealed and, before the appeal could be perfected, the full Board rescinded the decision of the Board panel and referred the case back to the Board panel for further consideration. Upon reconsideration, the Board panel found that the statutory notice requirements had been met and affirmed the Workers' Compensation Law Judge's decisions. Harloff now appeals.

We affirm. "Whether an employer-employee relationship existed presents a factual issue for the Board, and its determination thereof will not be disturbed if supported by substantial evidence in the record" (Matter of Duma v Baca, 83 AD3d 1228, 1228 [2011] [citations omitted]; accord Matter of Pelaez v Silverstone, 93 AD3d 1042, 1042 [2012], lv dismissed and denied 19 NY3d 954 [2012]). Here, the Board credited the testimony of claimant and his witness that Harloff hired claimant in 2007 to work at Harloff's property maintenance business, and that claimant was working in that capacity when he was injured. While the testimony of Harloff and his witnesses sharply conflicted with that of claimant and his witness, this created a credibility issue for the Board's resolution (see Matter of Martineau v Ashline, 114 AD3d 1009, 1010 [2014], lv dismissed and denied 23 NY3d 943 [2014]; Matter of Brzezinski v Gambino, 100 AD3d 1192, 1192-1193 [2012]). Accordingly, notwithstanding the evidence in the record to the contrary, substantial evidence supports the Board's finding that claimant was Harloff's employee (see Matter of Martineau v Ashline, 114 AD3d at 1010; Matter of Pelaez v Silverstone, 93 AD3d at 1043). Further, inasmuch as there is proof in the record that Harloff had actual knowledge of the injury, the Board did not abuse its discretion in excusing claimant's failure to provide Harloff with timely notice of his injury pursuant to Workers' Compensation Law § 18 (see Matter of Martineau v Ashline, 114 AD3d at 1010; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 916 [2011]).

Lahtinen, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court