Matter of Colamaio-Kohl v Task Essential Corp. (2018 NY Slip Op 00213)





Matter of Colamaio-Kohl v Task Essential Corp.


2018 NY Slip Op 00213


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

524985

[*1]In the Matter of the Claim of ERNEST COLAMAIO-KOHL, Claimant,
v
TASK ESSENTIAL CORP., Appellant, and BLOOMINGDALE'S INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Segal McCambridge Singer & Mahoney, Ltd, New York City (Thomas W. Park of counsel), for appellant.
Foley Smit O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Bloomingdale's Inc. and another, respondents.
Klee, Woolf, Goldman & Filpi, LLP, Mineola (Jonathan R. Klee of counsel), for Cris Czajkowski, respondent.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed July 25, 2016, which ruled, among other things, that an employee-employer relationship existed between claimant and Task Essential Corp. and awarded workers' compensation benefits.
Claimant fell on his way to a restroom while he was working as a "skin care specialist and spokesmodel" in a Bloomingdale's store. Claimant applied for workers' compensation benefits based on claimed injuries and alleged that, at the time of the accident, he was an [*2]employee of Task Essential Corp., the owner of the skin care line. Following a hearing, the Workers' Compensation Board found, among other things, that claimant sustained an accidental injury arising out of and in the course of his employment with Task Essential and awarded workers' compensation benefits. Task Essential now appeals.[FN1]
"Whether there exists an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its determination will be upheld when supported by substantial evidence" (Matter of Malave v Beef & Bourbon, LLC, 114 AD3d 1006, 1007 [2014] [citations omitted]; accord Matter of Saratoga Skydiving Adventures v Workers' Compensation Bd., 145 AD3d 1333, 1334 [2016]). Relevant factors to this determination include "the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue" (Matter of Duma v Baca, 83 AD3d 1228, 1228-1229 [2011] [internal quotation marks and citation omitted]). Claimant testified that his supervisor, who represented himself as an employee of Task Essential, set his schedule, which varied week to week and included working at two different stores. Claimant further explained that he received training for the position from his Task Essential supervisor and Task Essential informed him of a required dress code. Part of claimant's job entailed meeting sales goals, he was paid an hourly rate and he would ask permission from a Task Essential supervisor before leaving his post to use the restroom. Claimant explained that, after he fell, a Task Essential supervisor informed him that he could not leave because there was no one to cover the skin care station. According to claimant, his Task Essential supervisor would occasionally spot check him to observe his performance. Deferring to the Board's credibility determinations, and despite other evidence in the record that could support a different result, we find that substantial evidence supports the determination that claimant was an employee of Task Essential (see Matter of Jara v SMJ Envtl., Inc., 55 AD3d 1157, 1158 [2008]; Matter of LaCelle v New York Conference of Seventh-Day Adventists, 235 AD2d 694, 695 [1997], lv dismissed 89 NY2d 1085 [1997], lv denied 96 NY2d 713 [2001]).[FN2]
Likewise, given the evidence in the record of Task Essential's ongoing control over claimant, substantial evidence supports the Board's determination that claimant was not a special employee of Bloomingdale's or its owner, Macy's Inc. (see Matter of Oppedisano v Randall Elec., 285 AD2d 759, 760 [2001]). Moreover, in the absence of evidence in the record that Macy's or Bloomingdale's had any contract for work that they subcontracted to Task Essential, the Board properly rejected Task Essential's argument that Workers' Compensation Law § 56 rendered [*3]Macy's or Bloomingdale's liable (see Matter of Dewhurst v Simon, 295 NY 352, 353 [1946]; Matter of Griffin v New York State Dept. of Commerce, 141 AD2d 961, 962 [1988]; Matter of Rothman v Holland,
42 AD2d 1010, 1011 [1973]).
Next, we will not disturb the Board's determination that late notice should be excused, because Task Essential had actual notice of the accident and was not prejudiced, if that determination is supported by substantial evidence (see Workers' Compensation Law § 18; Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077 [2015]). Claimant testified that, after he fell, he phoned his supervisor, whom he identified as an employee of Task Essential, and informed him of the accident. Although the supervisor testified that claimant stated that he was uninjured by the fall, the Board was free to credit claimant's testimony to the contrary (see Matter of Tangorre v Tech Home Elec., LLC, 124 AD3d 1183, 1184 [2015]; Regan v City of Hornell Police Dep't, 124 AD3d 994, 996 [2015]). Accordingly, as there is no proof of prejudice, substantial evidence supports the determination that claimant's late notice of injury was excusable (see Matter of McNichols v New York City Dept. of Corr., 140 AD3d 1557, 1557 [2016]; Matter of Thousand v Human Resources Admin., Community Dev. Agency, 252 AD2d 664, 665 [1998], lv denied 92 NY2d 816 [1998]). Moreover, as substantial evidence supports the conclusion that claimant was injured during a short break in which he used the restroom, we reject Task Essential's contention that the accident did not occur in the course of claimant's employment (see Matter of Pabon v New York City Tr. Auth., 24 AD3d 833, 833 [2005]; Matter of Harford v Widensky's, Inc., 154 AD2d 821, 822-823 [1989]). We have considered each of Task Essential's remaining arguments and, to the extent they are preserved, find them to also be without merit.
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that the Board issued an amended decision that reached the same conclusion while providing additional reasoning. Although claimant only appealed from the original decision, given that the original and amended decisions are not materially different and there is no prejudice, we treat claimant's appeal as having been taken from the amended decision (see Matter of Drake v SRC, Inc., 148 AD3d 1412, 1414 n 1 [2017]; Matter of Madigan v ARR ELS, 126 AD3d 1262, 1263 n [2015]).

Footnote 2: Task Essential relies on the fact that claimant identified himself as an independent contractor in a separate civil lawsuit related to his fall. Although such description is relevant, it does not establish as a matter of law that claimant was an independent contractor (cf. Matter of Enriquez v Home Lawn Care & Landscaping, 77 AD3d 1149, 1150-1151 [2010]).