Matter of Mauro v American Red Cross (2019 NY Slip Op 07130)





Matter of Mauro v American Red Cross


2019 NY Slip Op 07130


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

528692

[*1]In the Matter of the Claim of Paula Mauro, Appellant,
v
American Red Cross et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Stuart S. Muroff of counsel), for appellant.
Habberfield Kaszycki, LLP, Buffalo (Melissa Habberfield of counsel), for American Red Cross and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed September 14, 2018, which ruled that claimant was not an employee of the American Red Cross and denied her application for workers' compensation benefits.
Claimant, a Volunteer Community Ambassador for a nonprofit charitable organization, was hit in the nose by a hand cart while loading materials into her car, and she subsequently sought workers' compensation benefits from the charitable organization. Following a hearing, the Workers' Compensation Law Judge denied her application, finding that no employer-employee relationship existed. The Workers' Compensation Board affirmed that decision, and this appeal ensued.
The existence of an employer-employee relationship is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Gallagher v Houlihan Lawrence Real Estate, 259 AD2d 853, 853 [1999]; Matter of Fitzpatrick v Holimont, Inc., 247 AD2d 715, 715 [1998], lv dismissed 92 NY2d 888 [1998], lv denied 94 NY2d 755 [1999]). "In making that determination, relevant considerations for the Board include the right to control the work, the method of payment, the right to discharge and the relative nature of the work; however, no single factor is dispositive" (Matter of Lai Pock Lew v Younger, 69 AD3d 1161, 1162 [2010] [internal quotation marks and citations omitted]; see Matter of Keles v Santos, 73 AD3d 1396, 1396 [2010]).
Claimant testified, as well as marked on her claim for workers' compensation benefits, that she was a volunteer with the charitable organization. Claimant acknowledged that she was employed by a restoration company, which encouraged volunteerism with the charitable organization, and that she would receive her full salary from that employer when participating in events for the charitable organization during her employment hours. Claimant received no monetary compensation or any other form of financial or economic benefits from the charitable organization in exchange for her volunteer activity. Although the record reflects that the charitable organization exercised some direction and control over claimant's volunteer activities, substantial evidence nevertheless supports the Board's determination that claimant was strictly a volunteer and that no employer-employee relationship existed that would entitle her to workers' compensation benefits (see Matter of Keles v Santos, 73 AD3d at 1396-1397; Matter of Glamm v City of Amsterdam, Amsterdam Fire Dept., 54 AD2d 996, 996 [1976], affd 42 NY2d 1026 [1977]; compare Matter of Fitzpatrick v Holimont, Inc., 247 AD2d at 715; Matter of LaCelle v New York Conference of Seventh-Day Adventists, 235 AD2d 694 [1997], lv dismissed 89 NY2d 1085 [1997], lv denied 96 NY2d 713 [2001]; Matter of Long v Schenectady County Young Men's Christian Assn. [YMCA], 227 AD2d 723 [1996]). As such, the Board's decision will not be disturbed. Claimant's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.