Matter of Sheehan (Nationwide Ct. Servs., Inc.) (2019 NY Slip Op 09067)





Matter of Sheehan (Nationwide Ct. Servs., Inc.)


2019 NY Slip Op 09067


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528238

[*1]In the Matter of the Claim of Soraya Sheehan, Claimant, Nationwide Court Services, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Morrison Mahoney LLP, New York City (David H. Allweiss of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 26, 2018, which ruled, among other things, that claimant sustained an injury arising out of and in the course of her employment, and (2) from a decision of said Board, filed June 1, 2018, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
Claimant was employed as a paralegal and process server for Nationwide Court Services, Inc. and worked 9:00 a.m. to 5:00 p.m. Monday through Friday. Claimant testified that, approximately once a week, her supervisor would make a request for special service for claimant to serve process for Nationwide during her regular employment hours. In June 2016, claimant started her own process serving business, Submit 2 Sheehan Express, which she operated outside her employment hours. On August 10, 2016, claimant, at the request of her supervisor, served a summons and complaint prior to 9:00 a.m. and, on her way to Nationwide's office, was involved in a motor vehicle accident around 9:05 a.m. that caused multiple injuries. Thereafter, claimant filed a claim for workers' compensation benefits. Nationwide and its workers' compensation carrier contested the claim, asserting that the injuries did not arise out of and in the course of her employment, but instead occurred while she was serving process for her own business.
Following hearings, a Workers' Compensation Law Judge found that claimant sustained a work-related injury while serving process for Nationwide. On administrative appeal, the Workers' Compensation Board affirmed. The subsequent application by Nationwide and its carrier for reconsideration and/or full Board review was denied. Nationwide and its carrier appeal from both of the Board's decisions.
We affirm. "Whether there exists an employer-employee relationship in a particular case is a factual issue for the Board to resolve and its determination will be upheld when supported by substantial evidence" (Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d 1103, 1104 [2018] [internal quotation marks and citations omitted]; see Matter of Smith v 129 Ave. D, LLC, 161 AD3d 1493, 1494 [2018]). In making such a determination, the factors for the Board to consider include "the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work at issue," with no one factor dispositive (Matter of Duma v Baca, 83 AD3d 1228, 1228-1229 [2011] [internal quotation marks and citations omitted]; see Matter of Choto v Consolidated Lbr. Transp., Inc., 82 AD3d 1369, 1369 [2011]).
The record establishes that claimant would be assigned by her supervisor a special request to serve process for Nationwide to be effectuated during claimant's regular employment hours. Claimant, who also served process for Nationwide outside of her regular employment hours through her process serving business, would be paid by one check in her personal name for her regular employment and another in the name of her business for process services. In connection with her process service on the day of the accident, claimant testified that she was given the process-serving assignment by her supervisor as a favor for Nationwide, that the supervisor had a conversation with claimant about serving the papers before 9:00 a.m. and that the particular process service was related to a case being handled by another paralegal in the office. The supervisor was aware that claimant was serving the paperwork prior to coming into the office on the day of the accident and that she would be late. As the record reflects, it was customary that claimant would be clocked in at her normal start time by the office manager when she was effecting service of a special assignment for Nationwide that would result in her arriving at the office after 9:00 a.m. — or would be clocked out in the event she left early to effect service of process for a special request for Nationwide. Although claimant received a check in the name of her business for the process service at issue, the Board credited the proof that she was serving process for Nationwide at the time of the accident. Deferring to the Board's credibility determinations, and despite the existence of evidence that could support a contrary conclusion, we find that substantial evidence supports the Board's decision that the accident arose out of and in the course of claimant's employment with Nationwide (see Matter of Colamaio-Kohl v Task Essential Corp., 157 AD3d at 1105; Matter of Duma v Baca, 83 AD3d at 1229; Matter of Wald v Avalon Partners, Inc., 23 AD3d 820, 820-821 [2005]).
Contrary to the contention of Nationwide and its carrier, we find that the Board's denial of their application for reconsideration and/or full Board review was neither arbitrary or capricious nor an abuse of discretion (see generally Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]). The settlement of the third-party action is irrelevant to the Board's determination resolving whether an employer-employee relationship existed. In addition, Nationwide acknowledged that no indemnity nor medical payments have been made and, therefore, no lien has been filed.
Mulvey, J.P., Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.